UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD HARBUS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>PROMETHEUS GLOBAL MEDIA, LLC,<br><br>　　　　　Defendant. | Case No. 1:18-cv-06806-NRB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

　　　　Defendant Prometheus Global Media, LLC ("Prometheus"), by and through its attorneys, respectfully submits this Answer and Affirmative Defenses to the Complaint of Richard Harbus.

## NATURE OF THE ACTION

　　　　1.　　Prometheus admits that Plaintiff is bringing this action and that it purports to allege claims of copyright infringement. Prometheus denies committing any infringement, and also denies any liability to Plaintiff. The remaining allegations of paragraph 1 are legal conclusions that do not require a response.

## JURISDICTION AND VENUE

　　　　2.　　Prometheus admits that Plaintiff is bringing this action and that it purports to allege claims of copyright infringement. Prometheus denies committing any infringement, and also denies any liability to Plaintiff.

　　　　3.　　No response is required to the legal conclusions contained in paragraph 3.

　　　　4.　　No response is required to the legal conclusions contained in paragraph 4.

## PARTIES

5. Prometheus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 5.

6. Prometheus admits that it is a Delaware company registered with the New York Department of State, Division of Corporations to do business in the State of New York. Prometheus denies all other allegations in paragraph 6 of the complaint.

## ANSWER TO PURPORTED STATEMENTS OF FACT

7. Prometheus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7. Prometheus admits that Plaintiff attached to the Complaint an Exhibit A, which speaks for itself.

8. Prometheus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8. On information and belief, it appears that Plaintiff took the allegedly infringed photograph exclusively for the New York Daily News, and that the newspaper may therefore be the owner of the allegedly infringed copyright.

9. The Complaint does not contain paragraph 9, thus no response is necessary.

10. Prometheus lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10.

11. Prometheus denies the allegations of paragraph 11. Prometheus admits that Plaintiff attached to the Complaint an Exhibit B, which appears to be incomplete, and which speaks for itself.

12. Prometheus avers that it did not own the website at issue when the allegedly infringing article was posted and therefore would not have been the entity that licensed the

allegedly infringed photograph, if a license was obtained.  Prometheus' investigation of whether a license was obtained is incomplete, and thus Prometheus lacks knowledge or information sufficient to admit or deny the allegations of paragraph 12.  Prometheus denies that a license was necessary.

## ANSWER TO PURPORTED CLAIMS FOR RELIEF

13. Prometheus incorporates by reference its responses to paragraphs 1-12 above.

14. Prometheus denies the allegations of paragraph 14.

15. Prometheus denies the allegations of paragraph 15.

16. Prometheus denies the allegations of paragraph 16.

17. Prometheus denies the allegations of paragraph 17.

18. Prometheus denies the allegations of paragraph 18.

19. Prometheus denies the allegations of paragraph 19.

## AFFIRMATIVE DEFENSES

### FAIR USE

1. Plaintiff's claims are barred by the doctrine of fair use.

### LACK OF VOLITIONAL CONDUCT

2. Prometheus exercised no volitional conduct to reproduce, distribute, adapt, or publicly display the photograph.  The alleged infringement took place before Prometheus acquired www.StereoGum.com.  Prometheus did not acquire pre-existing liabilities.

### LICENSE

3. Prometheus' investigation of the claim is ongoing. Prometheus through its predecessor may have possessed an express or implied license.

### LACHES, ACQUIESCENCE, ESTOPPEL, AND WAIVER

4.      Plaintiff's claims and the relief he requests are barred by one or more of the equitable doctrines of laches, acquiescence, equitable estoppel, and/or waiver.

### UNCLEAN HANDS

5.      Plaintiff's claims are barred by the doctrine of unclean hands.

### COPYRIGHT MISUSE

6.      Plaintiff's claims are barred by the doctrine of copyright misuse.

### GOOD FAITH / INNOCENT INTENT

7.      Plaintiff's claims and the relief he requests are barred in whole or in part because Prometheus acted in good faith and had no reason to believe that its acts constituted infringement. To the extent that Plaintiff's claims are not entirely barred by Prometheus's good faith, any damages, which Prometheus expressly denies, are limited by Prometheus's innocent intent. *See* 17 U.S.C. § 504(c). Moreover, there was no copyright notice on the photograph.

### LACK OF DAMAGES, FAILURE TO MITIGATE

8.      Plaintiff did not incur any damages as a result of any act or conduct by Prometheus. To the extent Plaintiff did incur any damages, which Prometheus expressly denies, Plaintiff failed to mitigate his damages.

### LACK OF PROFITS ATTRIBUTABLE TO ALLEGED INFRINGEMENT

9.      Plaintiff is not entitled to recover any of Prometheus's profits because any such profits are not attributable to any alleged infringement.

**INVALID REGISTRATION / FRAUD ON THE COPYRIGHT OFFICE**

10. Plaintiff committed fraud on the Copyright Office by misrepresenting that the photograph qualifies as published. Display on a website alone is not a legal publication under the Copyright Act because copies were not distributed to the public – the image was only displayed. Because the alleged infringement of the unpublished work began prior to the date of the registration certificate, no statutory damages or attorney's fees are available under 17 U.S.C. §§ 412, 504 and 505.

WHEREFORE, Prometheus denies liability to Plaintiff and prays that the Court enter judgment in favor of Prometheus on all of Plaintiff's claims; that the Court deny all of Plaintiff's requested relief; and that the Court grant a judgment in favor of Prometheus ordering Plaintiff to pay Prometheus' full attorneys' fees and costs for defending this lawsuit pursuant to 17 U.S.C. § 505.

DATED:  Washington, D.C.  
September 21, 2018

Respectfully submitted,

Mitchell Silberberg & Knupp LLP

By: /s/ J. Matthew Williams_____  
J. Matthew Williams (D.C. Bar No. 501860)  
1818 N Street, NW, 7th Floor  
Washington, DC 20036-2406  
Telephone: (202) 355-7900  
Facsimile: (202) 355-7899  
mxw@msk.com

*Attorneys for Defendant*